UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONYA RICE,

           Plaintiff,

   v.

CITIBANK NA, et al.,

           Defendants.

CASE NO. C13-5371 BHS

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON PRELIMINARY INJUNCTION

      This matter comes before the Court on *pro se* Plaintiff Tonya Rice's ("Rice") motion for a temporary restraining order ("TRO") and a preliminary injunction. Dkt. 6. The Court has considered the pleadings filed in support of the motion and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL & FACTUAL BACKGROUND

      On April 9, 2013, Rice filed a complaint with Pierce County Superior Court involving allegations of the illegal sale of Rice's residence and seeking to have the Court "set aside the trustee's sale," "cancel[] the trustee's deed upon sale," and award "damages and other relief for wrongful foreclosure." Dkt. 1-1. On May 17, 2013, Defendants removed the action to this Court. Dkt. 1. On May 23, 2013, Rice filed the instant motion for a preliminary injunction and a temporary restraining order "staying any attempted eviction from her home pending trial on the merits…." Dkt. 6-1 at 2.

## II. DISCUSSION

**A.     Temporary Restraining Order**

To obtain preliminary injunctive relief, including a temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008).  The Ninth Circuit has recently held, that under *Winter*, where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff" a preliminary injunction can be issued, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011).

Rice's motion fails to allege any facts that would indicate immediate and irreparable harm absent the issuance of a TRO.  Rice's home was sold at a trustee sale on February 8, 2013.  Dkt. 6 at 2.  Although Rice indicates that a "successful bidder at a trustee's sale is entitled to possession of the property as of the twentieth day following the sale" (Dkt. 6-1 at 8) and states she is "concerned" that "unless this Court acts" on her motion she will be "dispossessed of her house," Rice fails to assert facts demonstrating that she is actually in imminent danger of being evicted, especially before a hearing can be held and the Defendants heard.  In fact, Defendants have apparently filed an unlawful detainer action in Pierce County Superior Court, which Rice has, or is at least attempting to, remove to this Court.  *See City Bank, N.A. v. Tonya Rice*, No. 3:13-cv-05371-BHS;

1  Dkt. 1-1. There is simply no strong indication of immediate, irreparable hardship to
2  warrant the issuance of a TRO.  For the same reasons, based on her current pleadings,
3  Rice fails to demonstrate a likelihood of success on the merits, although she alleges
4  violations of RCW 64.24, *et seq.*  Based on the information before it now, the Court finds
5  that Rice fails to show the balance of the equities tips strongly in her favor and the public
6  interest in the matter is neutral.

7  **B.    Preliminary Injunction**

8  Rice's motion also contains a request for a preliminary injunction.  Dkt. 6.
9  Defendants may file a response in opposition to Rice's motion for a preliminary
10 injunction on or before May 29, 2013, and Rice may file a reply on or before June 5,
11 2013.  A hearing for oral argument on the motion for preliminary injunction is set for
12 June 11, 2013 at 1:15 p.m.

13                          **III. ORDER**

14 Therefore, it is hereby **ORDERED** that Rice's motion for a temporary restraining
15 order is **DENIED** (Dkt. 6).  A hearing on Rice's request for a preliminary injunction is
16 scheduled as set forth above, and her motion for a preliminary injunction is noted for
17 consideration on June 11, 2013 (Dkt. 6).
18 Dated this 24th day of May, 2013.

BENJAMIN H. SETTLE
United States District Judge