UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONYA RICE,

                    Plaintiff,

        v.

CITIBANK, NA, et al.,

                    Defendants.

CASE NO. C13-5371 BHS

ORDER DENYING PLAINTIFF'S MOTION TO REMAND, OR ALTERNATIVELY TO ABSTAIN FROM EXERCISING JURISDICTION AND MOTION FOR A PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiff Tonya Rice's ("Rice") motions to remand, or alternatively to abstain from exercising jurisdiction (Dkt. 5) and for a preliminary injunction (Dkt. 6). At a hearing held on June 17, 2012, after hearing oral argument on both motions, considering the pleadings filed in support of and in opposition to the motions and the remainder of the file, the Court denied Rice's motions to remand and for a preliminary injunction for the reasons stated herein.  Dkt. 18.

## I. PROCEDURAL HISTORY

On April 9, 2013, Rice filed a complaint with Pierce County Superior Court involving allegations of the illegal sale of Rice's residence and seeking to have the Court

"set aside the trustee's sale," "cancel[] the trustee's deed upon sale," and award "damages and other relief for wrongful foreclosure." Dkt. 1-1. On May 17, 2013, Defendants removed the action to this Court. Dkt. 1.

On May 23, 2013, Rice filed a motion for a preliminary injunction and a temporary restraining order "staying any attempted eviction from her home pending trial on the merits…." Dkt. 6-1 at 2. On the same day, Rice also filed a motion to remand, or in the alternative to abstain from exercising jurisdiction. Dkt. 5. On May 24, 2013, the Court denied Rice's motion for a temporary restraining order; scheduled a hearing on Rice's motion for a preliminary injunction; and established a briefing schedule. Dkt. 10. On June 17, 2012, the Court held a hearing at which it heard argument on and denied both motions. Dkts. 18 & 19.

## II. FACTUAL BACKGROUND

On April 19, 2013, Rice filed suit in King County Superior Court alleging claims against Defendants. *See* Dkt. 1-1, at 1-16 (Complaint). Rice alleges generally that Citibank had a duty to negotiate a loan modification on her default. Rice claims Citibank's determination that she would not qualify for loan modification (and in initiating foreclosure proceedings gave rise to claims that it improperly foreclosed on her property. *Id*.

Rice admits in her complaint that on October 8, 2012, a Notice of Trustee's Sale was recorded, which set a trustee's sale for February 8, 2013. *Id*., ¶ 16. The Notice of Trustee's Sale was mailed to Rice in accordance with the requirements of the Deed of Trust Act. *See, e.g.*, Dkt. 14 at 44 (QLS caused copies of the statutory Notice of Trustee's

1    Sale to be transmitted by mail to all persons entitled thereto and either posted or served

2    prior to the statutory minimum number of days before the final sale).  Despite notice,

3    Rice did not seek to enjoin the February 8, 2013 trustee's sale, which took place as

4    scheduled.  *Id.*, ¶ 18.

5         On May 17, 2013, Defendants timely removed Rice's complaint under 28 U.S.C. §

6    1332(a) because diversity of citizenship existed between the parties.  *See* Dkt. 1.  Rice is

7    a Washington resident. Defendant Chase is a national banking association with its main

8    office in Ohio.  *Id.*  Defendant FNMA is a federally chartered government-sponsored

9    enterprise with its principal place of business in Washington D.C. Defendant Citibank is

10   a national banking association with its main office in South Dakota.  *Id.*  Defendant

11   MERS is a Delaware corporation with its principal place of business in Reston, Virginia.

12   QLS, while a Washington resident, was disregarded as a nominal defendant that was

13   fraudulently joined.  *See id.*

14                          **III. DISCUSSION**

15   **A.    Motion to Remand, or Alternatively to Abstain from Exercising Jurisdiction**

16         **1.    Motion to Remand**

17         In summary, Rice seeks remand on the basis that no federal jurisdiction exists

18   because QLS is a resident of Washington and an indispensable party to this action.  *See*

19   Dkt. 5 at 6-7.  Defendants argue that QLS is a nominal, fraudulently joined Defendant.

20   *See* Dkt. 16 at 9-12.

21

22

1    "Although an action may be removed to federal court only where there is complete

2    diversity of citizenship, 'one exception to the requirement for complete diversity is where

3    a nondiverse defendant has been fraudulently joined.'" *Hunter v. Phillip Morris USA*,

4    582 F.3d 1039,1043 (9th Cir. 2009) (*quoting Morris v. Princess Cruises, Inc.*, 236 F.3d

5    1061 1067 (9th Cir. 2001)). "Fraudulent joinder is a term of art." *Morri*s, 236 F.3d at

6    1067 (*citing McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)).

7    "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident

8    defendant, and the failure is obvious according to the settled rules of the state. In such a

9    case, the district court may ignore the presence of that defendant for the purpose of

10   establishing diversity." *Hunter*, 582 F.3d at 1043 (internal citations omitted).  Further,

11   "[A] federal court must disregard nominal or formal parties and rest jurisdiction only

12   upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446

13   U.S. 458, 461 (1980).  District courts will likewise ignore the citizenship "of nominal or

14   formal parties who have no interest in the action and are merely joined to perform the

15   ministerial act of conveying the title if adjudged to the complainant." *Prudential Real*

16   *Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal

17   citations and quotation marks omitted).  "The paradigmatic nominal defendant is a

18   trustee, agent, or depository who is joined merely as a means of facilitating collection."

19   *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998).

20        According to Rice's complaint, only three allegations are alleged against QLS: (1)

21   QLS is a Washington entity (Dkt. 1-1, ¶ 6), who was appointed successor trustee (*id.*, ¶

22   15); (2) QLS recorded two Notices of Trustee's Sale (*id.*, ¶ 16); and (3) QLS executed

1   and delivered a trustee's deed to City Bank (*Id.* ¶18).  Thus, QLS, as successor trustee,

2   appears to be involved only to the extent to which it recorded sale notices and was part of

3   the process of getting the deed into the hands of a real party in interest, City Bank.  In her

4   complaint, Rice also expressly states that she "is attempting to set aside this trustee's sale

5   on grounds other than irregularities in the sale notice or procedure," the only activities in

6   which QLS was allegedly involved.  *Id.*, ¶ 22.

7         The Court finds that QLS, as successor trustee, is a nominal defendant, who after

8   Rice's house was sold, simply recorded the notices of trustee's sale and executed and

9   delivered the deed to City Bank.  QLS is alleged to have done nothing more.

10        **2.     Abstention**

11        Rice argues that three doctrines of abstention apply, *Princess Lida* Abstention,

12  *Burford* Abstention, and *Colorado River* Abstention, and therefore the Court should

13  abstain from exercising jurisdiction over this matter.  *See* Dkt. 5 at 9-11.  The Defendants

14  argue that none of the specific doctrines cited by Rice apply to this case.  *See* Dkt. 16 at

15  13-16.

16        **a.     *Princess Lida* Abstention**

17        Rice maintains that *Princess Lida* abstention is warranted where "two different

18  courts are asserting *in rem* jurisdiction over a *res*,"  as an unlawful detainer action is

19  pending against Rice in Pierce County Superior Court.  Dkt. 5 at 7-8.  However, neither

20  the superior court nor this Court could possibly be asserting *in rem* jurisdiction because,

21  under Washington law, post-sale claims "may not seek any remedy at law or in equity

22  other than monetary damages."  RCW 61.24.127(2)(b).  Further, post-sale claims "may

1    not operate in any way to encumber or cloud the title to the property that was subject to

2    the foreclosure sale." RCW 61.24.127(2)(e).  Additionally, as articulated below, there is

3    no concurrent jurisdiction following removal of the superior court action to this Court.

4    The *Princess Lida* abstention doctrine is akin to the prior exclusive jurisdiction doctrine,

5    and a federal court in Minnesota rejected that theory in reasoning which the Court finds

6    equally applicable in this case:

7           Plaintiffs contend that, because this action is in rem, the state court in
            which it was filed acquired in rem jurisdiction before defendants removed
8           the action to federal court, and therefore this Court lacks jurisdiction. If
            plaintiffs were correct, then all of the hundreds of mortgage cases now
9           pending in federal courts that were removed from state courts would have
            to be remanded. That would help to ease the workload of the federal courts,
10          but unfortunately for the federal courts, plaintiffs' argument is almost
            entirely without merit.
11
12   *Welk v. GMAC Mortg. LLC*, 850 F. Supp. 2d 976, 996 (2012).

13          **b.    *Burford* Abstention**

14          *Burford* abstention constitutes an "extraordinary and narrow" exception.

15   *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996).  The doctrine applies only if

16   (1) "the state has chosen to concentrate suits challenging the actions of the agency

17   involved in a particular court"; (2) complex state law issues, regarding which state courts

18   might have special competence, cannot be easily separated from federal issues; and (3)

19   "federal review might disrupt state efforts to establish a coherent policy."  *U.S. v.*

20   *Morros*, 268 F.3d 695, 705 (9th Cir. 2001).

21          As Defendants argue, Washington has not sought to concentrate suits involving

22   the Deed of Trust Act in a specialized court system.  Dkt. 16 at 15.  In her motion, Rice

1    ignores the applicable standards, and does not even attempt to address any of the factors

2    listed above.  *See* Dkt. 5. Further, in her reply brief, Rice does not challenge Defendants'

3    contention that *Burford* abstention is inapplicable.  *See* Dkt. 17.  In fact, in Rice's reply,

4    she abandons any argument with respect to the application of *Burford* abstention to this

5    case.  *Id*.  The Court agrees with the Defendants that Washington has not sought to

6    concentrate suits involving its Deed of Trust Act in a specialized court system and

7    *Burford* abstention is inapplicable here.

8              c.      ***Colorado River* Abstention**

9              Rice also argues *Colorado River* abstention applies. *See* Dkt. 5 at 11.  However, as

10   the Defendants observe, the Ninth Circuit has recognized that the *Colorado River*

11   abstention is a variation on the doctrine of prior exclusive jurisdiction. Dkt. 16 at 16

12   *(citing Sexton v. NDEX W., LLC*, 713 F.3d 533, 537-38 (9th Cir. 2013)).  Thus, where, as

13   here, an entire case is removed to Federal Court, concurrent jurisdiction is eliminated.  In

14   *Sexton*, the Ninth Circuit began by addressing the doctrine of prior exclusive jurisdiction,

15   holding:

16          The doctrine of prior exclusive jurisdiction applies to a federal court's
            jurisdiction over property only if a state court has previously exercised
17          jurisdiction over that same property and retains that jurisdiction in a
            separate, concurrent proceeding. *See, e.g., Chapman,* 651 F.3d at 1042; *One*
18          *1985 Cadillac Seville,* 866 F.2d at 1144–45.  (footnote omitted). Where, as
            here, the defendant appropriately removes the case to federal court, the state
19          court's jurisdiction over the property terminates, and the federal court's
            jurisdiction begins.  *See* 28 U.S.C. § 1446(d) ("after the filing of [a] notice
20          of removal ... the State court shall proceed no further unless and until the
            case is remanded."); *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d
21          1230, 1238 (9th Cir. 1994). Because the state court did not retain
            jurisdiction over the Sextons' property, the doctrine of prior exclusive
22          jurisdiction is inapplicable.

***

> [A]s with prior exclusive jurisdiction, *Colorado River* abstention does not apply absent "pending state court proceedings" involving the same property….
>
> Because the Sextons have not shown that any state proceeding relating to their house is pending concurrently with federal proceedings, the *Colorado River* abstention doctrine is not implicated any more than the prior exclusive jurisdiction doctrine.

*Id*. at 537 (internal citations omitted). Rice's action here is not *in rem*, nor is the unlawful detainer action pending against Rice in Pierce County Superior Court an *in rem* proceeding.  This is so because, under the facts of this case and pursuant to RCW 61.24.127, Rice cannot unwind the sale of her former residence, in part because she does not dispute the notice of trustee's sale and concedes that she is not arguing that there were any irregularities in the sale notice or procedure.  *See* Dkt. 1-1, ¶ 22.

No basis exists for the Court to abstain from exercising jurisdiction over this case.

**B.    Motion for Preliminary Injunction**

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 21 (2008). In addition, under the Ninth Circuit's sliding scale approach, "[a] preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir.2011) (holding that the Ninth Circuit's "sliding scale" approach continues to be valid following the *Winter* decision).

1       In this case, Rice has not demonstrated a likelihood of prevailing on the merits.

2  The Court is unable to grant injunctive relief preventing her from being evicted.  The

3  unlawful detainer action, which is pending in Pierce County Superior Court is the action

4  in which Rice would attempt to seek such relief.  Additionally, as referenced above,

5  pursuant to RCW 61.24.127(2)(c), the Court cannot not provide Rice with injunctive

6  relief anyway, "only money damages" are available.

**IV. ORDER**

       Therefore, it is hereby **ORDERED** that Rice's motions to remand (Dkt. 5) and for

a preliminary injunction (Dkt. 6) are **DENIED.**

       Dated this 20th day of June, 2013.

BENJAMIN H. SETTLE
United States District Judge